UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| FRANCIS M. WEST, ) | |
| ) | |
| *Plaintiff,* ) | |
| v. ) | No. 1:11-cv-84 |
| ) | *Chief Judge Curtis L. Collier* |
| OFFICER ROBERT STARNES,[1] ) | |
| ) | |
| *Defendant.* ) | |

## MEMORANDUM

Francis M. West ("Plaintiff"), a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Court Doc. 2) and a motion to proceed *in forma pauperis* (Court File No. 1). Plaintiff brings suit against Hamilton County Sheriff's Department Officer Robert Starnes ("Officer Starnes"). Plaintiff claims Officer Starnes arrested him, "without a warrant or authorization, and while off duty, went into Decatur, TN." (Court File No. 2). Plaintiff seeks $ 500,000.00 in compensatory damages and requests the Court to declare Defendant lacked jurisdiction to arrest Plaintiff.

For the reasons discussed below, Plaintiff's complaint will be **DISMISSED** (Court Doc. 2) and the motion to proceed *in forma pauperis* will be **GRANTED IN PART and DENIED IN PART** (Court File No. 1).

**I.     Application to Proceed *In Forma Pauperis***

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Plaintiff is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Plaintiff

---

[1] Although Plaintiff identified Defendant as the Sheriff of Hamilton County, Defendant is actually an Officer with the Hamilton County Sheriff's Department.

is an inmate or prisoner in custody at Edgefield Federal Correctional Institution, his *in forma pauperis* application will be **DENIED** to the extent he will not be excused from paying the filing fee but **GRANTED** to the extent that he does not have to pay the total fee at this time, but rather, he will be **ASSESSED** and **SHALL** pay the civil filing fee of three-hundred and fifty dollars ($350.00) under the Prisoner Litigation Reform Act ("PLRA"), Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

    (a)    twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

    (b)    twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00, as authorized under 28 U.S.C. § 1914(a), has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and judgment to the Warden and Custodian of Records at Edgefield Federal Correctional Institution and the Commissioner of the Bureau of Prisons to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become

available. This order shall become a part of Plaintiff's file and follow him if he is transferred to another institution. The agency having custody of Plaintiff shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee of $350.00 is paid.

Plaintiff will also be **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Plaintiff to notify the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

## II. Standard of Review

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt plaintiffs from the requirement that they must comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (In re *DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993);

3

*Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (citations omitted).

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. § 1915(e)(2) provides that the Court must dismiss a case at any time if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 205 (2007).

**III. Facts**

Plaintiff claims that on March 21, 2010, he was arrested by Defendant, an officer with the Hamilton County Sheriff's office, without a warrant in Decatur, Tennessee (Court File No. 2). In a subsequently filed affidavit, Plaintiff states that on or about March 22, 2010, a Decatur County Sheriff's officer and Officer Starnes approached him. Officer Starnes handcuffed him and had the Decatur County officer transport him to the county line, where another Hamilton County Sheriff's officer met them and transported him to jail without reading him his rights (Court File No. 3).

**IV. Analysis**

4

### A. *42 U.S.C. § 1983*

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). To maintain a cause of action for damages under 42 U.S.C. § 1983, a plaintiff must also allege the defendant caused the plaintiff an injury and show actual damages. *See Carey v. Piphus*, 435 U.S. 247, 255 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Zehner v. Trigg*, 952 F.Supp. 1318, 1321 (S.D. Ind.), *aff'd* 133 F.3d 459 (7th Cir. 1997).

Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). Thus, to state a § 1983 claim, a plaintiff must allege sufficient facts that, if true, would establish he incurred an injury when the defendants deprived him of a right secured by the Constitution of the United States while they acted under color of law. *See Brock*, 94 F.3d at 244.

### B. *Timeliness*

Plaintiff's claims stem from his 2010 federal criminal proceedings in this district (Case No. 1:10-cr-12) for which he is presently serving a jail sentence. Under federal law, the statute of limitations begins to run for Fourth Amendment claims, i.e., Plaintiff's unconstitutional arrest claim, "at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). The arrest warrant reflects Plaintiff was arrested pursuant to the warrant on March

5

23, 2010 (Criminal Case No. 1:10-cr-12, Court File No. 7). Consequently, as explained below, Plaintiff's complaint must be dismissed on the ground that his civil rights claim of an unconstitutional arrest is time-barred by the applicable one-year statue of limitations.

Title 42 U.S.C. § 1983 does not contain a statute of limitations. The United States Constitution and the federal statutes enacted by Congress do not expressly provide a statute of limitations for claims arising under 42 U.S.C. § 1983. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (discussing the application of state law to determine statute of limitations in § 1983 and in such actions involving federal parties). Where Congress does not specify a period of limitations in a federal statute for bringing a civil action, this Court is required to apply the most closely analogous state statute of limitation and tolling principles to determine the timeliness of the claims asserted. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). However, federal law determines the accrual of those claims.

Under Tennessee law, the statute of limitation for a civil action for compensatory or punitive damages brought under the federal civil rights statute is one year after the cause of action has accrued. The one-year statute of limitation period contained in Tenn. Code Ann. § 28-3-104(a)(3) applies to civil rights claims arising in Tennessee. *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Federal law determines when claims accrue. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996), *cert. denied*, 520 U.S. 1267 (1997).

Generally, a tort cause of action accrues when there has been a violation of a legally protected interest, and such a violation usually occurs when a tort is committed. *See Echols v. Chrysler Corp.*, 633 F.2d 722, 725-26 (6th Cir. 1980). In 42 U.S. C. § 1983 cases, a cause of action accrues and the statute of limitations commences to run when the plaintiff knows or has reason to

know of the injury which is the basis of his complaint. *Kelly v. Burks*, 415 F.3d 558, 561 (6th cir. 2005); *Collyer*, 98 F.3d at 220. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991). As previously noted, the Supreme Court has held "that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato,* 549 U.S. at 397.

To determine when Plaintiff's 42 U.S.C. § 1983 claims accrued and the one-year statute of limitations commenced to run, we look to the date when Plaintiff became detained pursuant to legal process. Plaintiff was arrested on the basis of a warrant issued on January 26, 2010, and executed on March 23, 2010 (Criminal Case 1:10-cr-12, Court File No. 7). Therefore, Plaintiff's § 1983 claim for his arrest in violation of the Fourth Amendment accrued and the one-year statute of limitations commenced to run on March 23, 2010. Thus, the one-year statute of limitation expired on or about March 22, 2011.

Plaintiff had one year from the date a cause of action accrued within which to file federal civil rights claims under 42 U.S.C. § 1983. The Clerk of this district court received Plaintiff's *pro se* civil complaint by mail on March 31, 2011. The envelope reflects Plaintiff gave the complaint to the prison mailroom on March 29, 2011 For purposes of calculating the statute of limitations, the Court will use the prison mailbox rule, which provides that a filing of an incarcerated *pro se* inmate is deemed to be filed when he delivers the mail to prison authorities for mailing to the Court. *Houston v. Lack*, 487 U.S. 266 (1988). Thus, Plaintiff's civil complaint is deemed to have been filed

7

Case 1:11-cv-00084-CLC-SKL   Document 4   Filed 11/09/11   Page 7 of 9   PageID #: 21

March 29, 2011, which consequently, is one week after the one-year statute of limitations had expired.

Accordingly, Plaintiff's 42 U.S.C. § 1983 claim against the defendant will be dismissed with prejudice on the ground that the civil rights claim is time-barred by the applicable statute of limitations.

A claim that is time-barred by the statute of limitations, lacks an arguable or rational basis in law or fact and can be dismissed as frivolous. *Ashiegbu v. Kim*, 145 F.3d 1329 (6th Cir. Apr. 24, 1998), *available at* 1998 WL 211796, *1 (affirmed dismissal of claim as frivolous because it was barred by statute of limitations and did not present a rational basis in law), *cert. denied*, 525 U.S. 857 (1998); *Day v. E.I. Du Pont De Nemours and Co.*, 165 F.3d 27 (6th Cir. Sept. 17, 1998), *available in* 1998 WL 669939 at *1 (the *sua sponte* dismissal of *in forma pauperis* complaint appropriate under 28 U.S.C. § 1915(e)(2) where complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face)(citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995)); *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (claims barred by the statute of limitations are frivolous).

## V.    Conclusion

Plaintiff's complaint will be **DISMISSED WITH PREJUDICE** *sua sponte* as frivolous because it is time-barred. 28 U.S.C. §§ 1915A and 1915(e) (Court File No. 2). In addition, his motion to proceed *in forma pauperis* will be **GRANTED IN PART** and **DENIED IN PART** (Court File No. 1).

Accordingly, Plaintiff' complaint will be **DISMISSED** in its entirety. An appropriate order will enter.

                                        **/s/**
                                        **CURTIS L. COLLIER**
                                        **CHIEF UNITED STATES DISTRICT JUDGE**